UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 04-143 |
| JON RENE ROBBINS | SECTION "R" |

## **ORDER AND REASONS**

Before the Court is Defendant Jon Rene Robbins's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] For the following reasons, the Court denies the motion.

## I. BACKGROUND

On June 16, 2004, Robbins pleaded guilty without a plea agreement to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a).[2] At sentencing, Robbins received a career offender sentencing enhancement under § 4B1.1 of the Sentencing Guidelines because he had at least two prior felony convictions for crimes of violence, including a federal conviction for armed robbery and a state conviction for first degree robbery.[3] *See* U.S.S.G.

---

[1] R. Doc. 15; R. Doc. 24.
[2] R. Doc. 1; R. Doc. 7.
[3] R. Doc. 16 at 7-9 [SEALED].

§ 4B1.1(a) (Nov. 2003). Robbins's resulting guidelines range was 151 to 188 months imprisonment.[4] At the time of Robbins's conviction and sentencing, the Sentencing Guidelines were mandatory and binding. *See United States v. Booker*, 543 U.S. 220, 233 (2005). The Court sentenced Robbins to 180 months imprisonment as to each count, to be served concurrently.[5]

Robbins did not file a direct appeal of his conviction or sentence. Robbins now asks the Court to vacate, set aside, or correct his sentence.[6]

## II. DISCUSSION

Robbins argues that his sentence should be set aside in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).[7] The Supreme Court in *Johnson* held that the "residual clause" of the definition of "violent felony" in the Armed Career Criminal Act (ACCA) is unconstitutionally vague. *Id.* at 2557. Robbins contends that he was classified as a career offender because of an identically worded residual clause in § 4B1.2(a) of the then-mandatory sentencing guidelines.[8] The Court assumes without deciding that Robbins's motion is timely under 28 U.S.C. § 2255(f)(3) and is not procedurally

---

| | |
|---|---|
| 4 | *Id.* at 13. |
| 5 | R. Doc. 13 at 2. |
| 6 | R. Doc. 15; R. Doc. 24. |
| 7 | R. Doc. 24. |
| 8 | *Id.* at 1. |

defaulted, but finds that his motion must be denied because Robbins was not sentenced under the residual clause of § 4B1.2(a).

The ACCA and § 4B1.2(a) of the 2003 Sentencing Guidelines use nearly identical language to define a "violent felony" and a "crime of violence," respectively.[9] Under the 2003 version of § 4B1.2(a), a crime of violence

> means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The Supreme Court in *Johnson* invalidated only the residual clause of the ACCA, which is the portion of the definition that states: "or otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2556-57. *Johnson* does not call into question the validity of the force clause of the ACCA, which defines as a violent felony a crime that "has as an element the use, attempted use or threatened use of

---

[9] The only difference in wording between the two provisions is that the ACCA includes "burglary" as a covered offense, whereas § 4B1.2(a) lists "burglary of a dwelling." *See* 18 U.S.C. § 924(e)(2)(B); U.S.S.G. § 4B1.2(a) (2003).

physical force against the person of another." *See id* at 2557. (distinguishing the residual clause from the force clause).

Robbins's prior convictions for federal bank robbery and first degree robbery under Louisiana law each qualify as crimes of violence under the force clause of § 4B1.2(a)(1). The residual clause is therefore irrelevant to Robbins's case. The Fifth Circuit recently held that federal bank robbery is a crime of violence under § 4B1.2(a)(1). *See United States v. Brewer*, 848 F.3d 711, 716 (5th Cir. 2017). Robbins does not contest that his bank robbery conviction qualifies as a crime of violence.

Robbins instead argues that his first degree robbery conviction is not a crime of violence under the force clause.[10] In Louisiana, first degree robbery "is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon." La. R.S. 14:64.1. The Fifth Circuit has held that the Louisiana crime of simple robbery entails the use or threatened use of force. *See United States v. Brown*, 437 F.3d 450, 452-53 (5th Cir. 2006) (holding that simple robbery qualifies as a violent felony under the ACCA as a matter of law). Under Louisiana law, first degree robbery and

---

10   R. Doc. 24 at 9.

simple robbery have the same elements, except that first degree robbery contains the additional requirement that the offender lead the victim to reasonably believe he is armed with a dangerous weapon. *See* La. R.S. 14:64.1; La. R.S. 14:65. If simple robbery is a crime of violence under the force clause of § 4B1.2(a)(1), first degree robbery must also qualify as a crime of violence.

Robbins argues that *Brown* is distinguishable because it was decided before *Johnson* and relied both on the force clause and the residual clause.[11] This argument fails for several reasons. First, the Fifth Circuit's opinion in *Brown* analyzed the "use, attempted use, or threatened use of physical force" language in the ACCA's force clause, and made no mention of the residual clause. 437 F.3d at 451-52. The *Brown* court explicitly concluded that "simple robbery entails the use or threatened use of force." *Id.* at 452. Moreover, the *Brown* court did not rely exclusively, or even primarily, on Louisiana caselaw interpreting the meaning of intimidation. The Fifth Circuit instead cited to statutory law, explaining that "Louisiana law defines 'crime of violence' as the 'use, or threatened use of physical force' and specifically includes the crime of simple robbery as a crime of violence." *Id.*

---

[11] R. Doc. 24 at 10.

(citing La. R.S. 14:2(B)). First degree robbery is listed as a "crime of violence" under the same provision of Louisiana law. *See* La. R.S. 14:2(B)(22).[12]

Further, the Fifth Circuit has reaffirmed its holding in *Brown* in cases decided after *Johnson*. *See United States v. Richardson*, 672 F. App'x 368, 372 (5th Cir. 2016) (holding that defendant's Louisiana armed robbery and simple robbery convictions "qualify as crime[s] of violence under the use of force clause of § 4B1.2"); *United States v. Ovalle-Chun*, 815 F.3d 222, 226 (5th Cir. 2016) (explaining that *Brown* held that simple robbery in Louisiana entails the use or threat of force, even though the crime does not require a dangerous weapon). The Fifth Circuit's decision in *Brewer* is also instructive. Although it applied federal rather than state law, the *Brewer* court similarly emphasized that robbery by intimidation involves at least an implicit threat of force. *See* 848 F.3d at 716.

Accordingly, the Court finds that Robbins's prior conviction for first degree robbery falls squarely within the force clause of § 4B1.2(a)(1), and he

---

[12]    Application note 1 to § 4B1.2 of the 2003 Sentencing Guidelines also specifically states that a "crime of violence" includes, among other crimes, "robbery." U.S.S.G. § 4B1.2 app. n.1. The application note was valid and binding on the Court at the time of Robbins's sentencing because it was not inconsistent with the text of § 4B1.2(a)(1). See *Stinson v. United States*, 508 U.S. 36, 42-43 (1993).

was properly categorized as a career offender without reference to the challenged residual clause.

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2255 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Because Robbins's prior convictions qualified him for a career offender sentencing enhancement under the force clause of § 4B1.2 rather than the residual clause, he has not made a substantial showing of the denial of a constitutional right.

7

## III. CONCLUSION

For the foregoing reasons, Robbins's motion is DENIED. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this ___5th___ day of December, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE